IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERIBERTO VIRAMONTES,<br><br>Plaintiff,<br><br>v.<br><br>HENRY WILLABY and the CITY OF CHICAGO,<br><br>Defendants. | FILED: NOVEMBER 5, 2008<br>08 CV 6361<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE ASHMAN<br>BR |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit HENRY WILLABY (hereinafter, the "DEFENDANT EMPLOYEE") and the CITY OF CHICAGO.

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT EMPLOYEE was at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT EMPLOYEE, as well as the other officers and/or

employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT EMPLOYEE was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**FACTS**

5. On October 11, 2008, PLAINTIFF, while in custody at 5555 Grand Avenue, in Chicago, Illinois, was viciously and unjustifiably assaulted and beaten by DEFENDANT EMPLOYEE.

6. PLAINTIFF was subsequently transported for medical treatment and received stitches to his eye area. PLAINTIFF also sustained at broken wrist, among other injuries.

7. On or about October 11, 2008, the DEFENDANT EMPLOYEE engaged in an unreasonable seizure of the PLAINTIFF. Specifically, the DEFENDANT EMPLOYEE attacked and battered the PLAINTIFF despite the fact that the PLAINTIFF had not resisted arrest or threatened the DEFENDANT EMPLOYEE, and was not a threat to the DEFENDANT EMPLOYEE. This conduct violated the Fourth Amendment to the United States Constitution.

8. The DEFENDANT EMPLOYEE caused the arrest and criminal charges of aggravated assault against the PLAINTIFF with**,** notwithstanding the fact that on October 11, 2008 the PLAINTIFF had not committed aggravated assault against a government employee. The DEFENDANT EMPLOYEE made false allegations against the PLAINTIFF that lead to PLAINTIFF'S arrest and criminal charges. This conduct violated the Fourth Amendment to the United States Constitution. DEFENDANT EMPLOYEE failed to observe and/or learn that PLAINTIFF had committed the crime of aggravated assault against a government employee. The DEFENDANT EMPLOYEE did not have probable cause to believe that PLAINTIFF committed the crime of aggravated assault involving a government employee.

9. On or about October 11, 2008, PLAINTIFF did not obstruct justice, resist arrest, batter and/or assault the DEFENDANT EMPLOYEE.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT EMPLOYEE, PLAINTIFF was caused to suffer injuries and damages.

11. On or about October 11, 2008, the DEFENDANT EMPLOYEE was on duty at all times relevant to this Complaint and was a duly appointed detention aid for the CITY OF CHICAGO. The DEFENDANT EMPLOYEE engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT EMPLOYEE.

12. Upon information and belief, on October 11, 2008, HENRY WILLABY came into physical contact with PLAINTIFF.

**COUNT I**
**Excessive Force Claim Pursuant to**
**42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution**

13. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

14. The actions of the DEFENDANT EMPLOYEE amounted to an excessive use of force onto the PLAINTIFF.

15. This conduct violated the Fourth Amendment of the United States Constitution.

16. The aforementioned actions of the DEFENDANT EMPLOYEE were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT EMPLOYEE. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT EMPLOYEE and whatever additional relief this Court deems equitable and just.

**COUNT II**
**False Arrest Claim Pursuant to**

**42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution**

17. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

18. The actions of the DEFENDANT EMPLOYEE caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

19. Therefore, the conduct of the DEFENDANT EMPLOYEE was in violation of the Fourth Amendment to the United States Constitution.

20. The aforementioned actions of the DEFENDANT EMPLOYEE were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT EMPLOYEE. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT EMPLOYEE and whatever additional relief this Court deems equitable and just.

**COUNT III**
**False Arrest – State Law Claim**

21. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

22. The DEFENDANT EMPLOYEE caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT EMPLOYEE was in violation of the Constitution to the State of Illinois as well as Illinois law.

23. The aforementioned actions of the DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT EMPLOYEE. PLAINTIFF also demands punitive damages and costs against the DEFENDANT EMPLOYEE and whatever additional relief this Court deems equitable and just.

**COUNT IV**
**Battery – State Law Claim**

24. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

25. The DEFENDANT EMPLOYEE struck the PLAINTIFF intentionally, without consent and without justification.

26. The PLAINTIFF suffered injury as a result.

27. The conduct of the DEFENDANT EMPLOYEE was in violation of Illinois Law.

28. The aforementioned actions of the DEFENDANT EMPLOYEE were the direct and proximate cause of the violations and injuries set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT EMPLOYEE. PLAINTIFF also demands punitive damages and costs against the DEFENDANT EMPLOYEE and whatever additional relief this Court deems equitable and just.

**COUNT V**
**Malicious Prosecution – State Law Claim**

29. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

30. The DEFENDANT EMPLOYEE alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

31. The DEFENDANT EMPLOYEE engaged in this effort without probable cause.

32. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

33. The underlying criminal charges were resolved in a manner indicative of innocence.

34. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT EMPLOYEE. PLAINTIFF also demands punitive damages and costs against the DEFENDANT EMPLOYEE and whatever additional relief this Court deems equitable and just.

**COUNT VI**
**745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

35. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

36. Defendant CITY OF CHICAGO is the employer of the DEFENDANT EMPLOYEE.

37. The DEFENDANT EMPLOYEE, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT EMPLOYEE be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT EMPLOYEE as a result of this Complaint.

**COUNT VII**
**Supplementary Claim for *Respondeat Superior***

38. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

39. The aforesaid acts of the DEFENDANT EMPLOYEE were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT EMPLOYEES be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

**JURY DEMAND**

40. PLAINTIFF demands trial by jury.

Respectfully submitted,

s/ Amanda S. Yarusso________
Attorney for the Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076